**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ARACELI MEDINA DE PEREZ** | § | |
| | § | |
| *Plaintiff,* | § | **C.A. NO. _____** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **ISS FACILITY SERVICES, INC.** | § | |
| | § | |
| *Defendant.* | § | |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT**
_____

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF ARACELI MEDINA DE PEREZ (hereinafter "Medina" or Plaintiff") brings this suit against and complains of ISS FACILITY SERVICES, INC. hereinafter "ISS" or "Defendant"), as follows:

**A.     PARTIES**

1.     Plaintiff Araceli Medina De Perez is an individual, who is a citizen of the State of Texas.

2.     Defendant ISS Facility Services, Inc. is a foreign for-profit corporation that may be served through its registered agent CT Corporation, 350 N. St. Paul St., Ste. 2900, Dallas, Texas  75201 or wherever it may be found.

## B.     JURISDICTION AND VENUE

3.     This action arises under the laws of the United States, specifically (1) Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Acts of 1991; (2) 42 U.S.C. § 2000e-5(f)(1) and (3); and (3) the Americans With Disability Act.  Accordingly, this Court has jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. § 1331.

## C.     EXHAUSTION OF ADMINISTRATIVE PROCEDURES

4.     Plaintiff timely filed with the Equal Employment Opportunity Commission, hereinafter "EEO", a charge of sexual harassment, retaliation, and perceived disability against Defendant.  Plaintiff received a notice of right to sue from the EEOC within ninety (90) days of filing this complaint.

## D.     STATEMENT OF FACTS

5.     Plaintiff Araceli Medina De Perez is a female who was employed with ISS Facility Services, Inc. from on or about January of 2012 through March 30, 2012. Plaintiff was employed in maintenance services and worked as a janitor for ISS Facility at a worksite located at Houston Premium outlets, located at 29300 Hempstead Highway.

6.     Plaintiff's supervisor was Assistant Manager Carlos Alejandro Guzman Godinez a/k/a Fermin Jimenez, a male.

7.     On or about February 13, 2012, Mr. Godinez and Ms. Medina de Perez were the only employees scheduled to work the early morning hours at the cleaning site.

8.     Mr. Godinez told the Plaintiff to start the day by checking all of the restrooms in the building.  When Ms. Medina de Perez was exiting the women's restroom, he was waiting outside for her and instructed her to go into the family restroom.  He handed Ms.

Medina de Perez a few rolls of toilet paper.  Once in the restroom stall of the family restroom, Mr. Godinez walked in and locked the restroom door.  He walked into the restroom stall and without Ms. Medina de Perez's consent, he began forcefully hugging and kissing her.

9.      Ms. Medina de Perez told him to stop, but he continued using force and touched her breasts and vagina area.  He grabbed her around her throat with one hand and used his free hand to penetrate her.  He tried to rape her.  Ms. Medina de Perez  cried and pled with him to let her go.  When he was finished sexually assaulting her, he left the room. Ms. Medina de Perez ran out of the restroom and drove to her sister's house. Her sister accompanied her back to the Houston Premium Outlets and they called the police.

10.      Ms. Medina de Perez contacted the district manager, Amando Veliz and complained to him about what had happened to her.   During the criminal investigation, ***Mr. Godinez admitted to his acts in a recorded statement.*** Mr. Godinez, is a citizen of Guatemala and not the U.S., and is currently in jail for his actions against Ms. Medina de Perez.

11.      ISS Facility knowingly hired Mr. Godinez, who was not authorized to work in the United States.  Further, ISS knowingly allowed Mr. Godinez to work under the alias.  By hiring Mr. Godinez, an undocumented worker, to perform duties as a supervisor, ISS had no way of knowing whether Mr. Godinez had a criminal background or a propensity for sexual assault.

12.      Following the attack, Ms. Medina de Perez was placed on medical leave until April 26, 2012.  Ms. Medina de Perez  notified her company of this as well.  ISS Facility

Service, Inc. subsequently terminated her on March 30, 2012, claiming that she had abandoned her job for not returning to the same facility that she was sexually harassed and assaulted.  However, ISS Facility was aware that Ms. Medina de Perez was still on medical leave.

### E.      CAUSES OF ACTION

### Count No. 1-Sexual Harassment and Retaliation Under Title VII of
### the Civil Rights Act and the Texas Labor Code

13.     Plaintiff repeats and re-alleges paragraphs 1 through 12 with the same force and effect as though fully set forth herein.

14.     To prove a case for sexual harassment based on her supervisor, Godinez' sexual harassment, Ms. Medina de Perez must establish four elements: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on sex; and (4) the harassment complained of affected a term, condition, or privilege of employment.  See *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 354 (5th Cir. 2001).  The last element, shows the severity of the physical act performed by Plaintiff's supervisor. When determining whether the harassment "affected term, condition, or privilege of employment", courts closely consider the "frequency of the discriminatory conduct; its severity, whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993). The first three are intuitive and obvious based upon the above provided facts.  With respect to the fourth element, her supervisor's actions were severe, there was actual

physical contact, and it caused Ms. Medina de Perez to go on medical leave, thus affecting her work performance.

15.     Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated and retaliated against by Defendant.  Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Defendant's sexual harassing practices and they will continue unless and until this Court grants relief.

16.     To prove a case for a *prima facie* claim of unlawful retaliation under Title VII, Ms. Medina de Perez must show that: (1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between her protected activity and the adverse employment action.  See *Banks v. East Baton Rouge Parish School Bd.*, 320 F.3d 570, 575 (5th Cir. 2003).  Ms. Medina de Perez meets these elements.  She engaged in protected activity when she complained of Godinez' sexually harassing behavior. *Long v. Eastfield College*, 88 F.3d 300, 305 (5th Cir. 1996).  She also clearly suffered an adverse employment action—she was terminated.  Finally, regarding the causal link, the Fifth Circuit reviews three factors to determine if such a link exists: (1) the employee's disciplinary record prior to their protected activity; (2) whether the employer followed its typical policy and procedures in terminating the employee; and (3) the temporal proximity between the employee's protected activity and termination.

*Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 508 (5th Cir. 1994).  She meets these elements as well.  There was little or no prior written warnings against the Plaintiff; Defendant was well aware that Plaintiff was on medical leave due to the obvious circumstances and had not simply abandoned her job, yet they claimed it was anyway; and there was less than a month between her complaint and her termination.  See *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 409 (5th Cir. 1999) (retaliation case in which "the combination of suspicious timing with other significant evidence of pretext, can be sufficient to survive summary judgment.").

### Count No. 2-Disability Discrimination Under the Americans With Disability Act

17.    Plaintiff repeats and re-alleges paragraphs 1 through 16 with the same force and effect as though fully set forth herein.

18.    To establish a *prima facie* case of disability discrimination, a plaintiff must show (1) she is disabled or is regarded as disabled; (2) she is qualified for the job; (3) she was subjected to an adverse employment action on account of her disability; and (4) she was replaced by or treated less favorably than non-disabled employees. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 511 (5th Cir. 2003).  After experiencing a horrendous ordeal at the hands of Defendant ISS and her supervisor Godinez, Medina de Perez took medical leave,  Defendant regarded her as disabled.  Thereafter, Defendant ISS terminated her and replaced her with someone, a non-disabled individual, who had not been sexually assaulted/sexually harassed on the job by their supervisor.

19.    Such discrimination has caused Plaintiff to suffer damages of severe emotional distress, lost wages, including raises, retirement benefits, loss of promotion, and other

benefits associated as Plaintiff has been subjected to adverse employment actions as a result of the discrimination.

20.    Such discrimination was committed with malice and reckless indifference to the rights of Plaintiff.

## F.  DEMAND FOR A JURY

21.    Plaintiff demands a jury trial.

## G.  DAMAGES

22.    Plaintiff is entitled to an award of actual and compensatory damages in an amount that exceeds the minimum jurisdictional limits of this Court.  These include her past and future loss of higher wages, raises, and or bonuses.  Plaintiff also seeks an award of damages for her mental anguish and the losses she has suffered and continues to suffer.

23.    Further, because the Defendant's acts and omissions were committed with malice and/or with reckless disregard of the consequences, they justify the imposition of exemplary damages in addition to the compensatory damages to which Plaintiff is entitled.  A reasonable amount for exemplary damages in this case should take into consideration the need to deter future conduct of this type.

24.    Plaintiff also seeks compensation for the out-of-pocket expenses, attorney's fees, and costs of Court she will have incurred in this action.

25.    Plaintiff believes that a jury should put a dollar value on these damages after it hears the evidence.

## H. PRAYER

26.     For these reasons, Plaintiff Araceli Medina De Perez prays that Defendant be cited

to appear and answer herein and that this case be advanced for trial before a jury, and that

on final hearing this Court grant the following relief:

a)      An award of reasonable attorney's fees and the cost and expenses related
        to the litigation of this claim;

b)      Loss of earnings sustained by Plaintiff from date of discrimination and
        retaliation to date of trial;

c)      Loss of earning and earning capacity reasonably anticipated to be suffered
        by Plaintiff in the future;

d)      Mental anguish, embarrassment, inconvenience, pain and suffering
        sustained by Plaintiff from the date they were discriminated against to the
        end of trial;

e)      Mental anguish, embarrassment, inconvenience, pain and suffering
        reasonably anticipated to be suffered by Plaintiff in the future;

f)      Actual damages suffered by Plaintiff, past and future;

g)      Past and future medical expenses;

h)      Punitive and exemplary damages; and

i)      Pre-judgment interest at the highest rate allowed by law;

j)      Post-judgment interest at the highest rate allowed by law;

k)      A judgment against the Defendant for compensatory damages; and

l)      Such other relief, legal or equitable, as may be warranted.

Respectfully submitted:

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Rochelle Owens
State Bar No. 24048704
Lyric Centre
440 Louisiana, Suite 675
Houston, Texas  77002
Telephone: 713.222.6775
Facsimile: 713.222.6739

**ATTORNEY FOR PLAINTIFF**